IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Jason Lyons, Chad Wright, and Adrian Russo, | ) | C.A. No. 6:17-2362-DCC-KFM |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAIC, Inc. VFG, Inc., (f/k/a Voyager Financial Group), SoBell Ridge Corp., Bradling Financial Group, Veterans Benefit Leverage, Inc., Andrew Gamber, Mark Corbett, Candy Kern-Fuller, and Upstate Law Group, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| Charlotte McFerren, Billy Lee Green, Augustus Bostick, Jr., Mark Adragna, and Courtney Koepf, | ) ) | C.A. No. 6:18-1298-DCC-KFM |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| BAIC Inc., VFG Inc. formerly known as Voyager Financial Group, SoBell Ridge Corp., Financial Products Distributors, LLC, Performance Arbitrage Company, Life Funding Options Inc., Andrew Gamber, Mark Corbett, Katharine Snyder, Michelle Plant, David Woodard, Candy Kern-Fuller, and Update Law Group, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | |
| Life Funding Options Inc., | ) | |
| Counter-Claimant, | ) | |
| v. | ) | |
| | ) | |
| Mark Adragna, Augustus Bostick, Jr., Billy Lee Green, Courtney Koepf, and Charlotte McFerren, | ) ) ) | |
| | ) | |
| Counter-Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

Life Funding Options, Inc.,                                  ) C.A. No.  6:18-944-DCC-KFM
                                    Plaintiff,              )
                          v.                                )
Latonya Blunt,                                              )
                                    Defendant               )
_____ )
Latonya Blunt,                                              )
                          Third Party Plaintiff,           )
                          v.                                )
                                                            )
BAIC, Inc., VFG, Inc., (f/k/a Voyager ) Financial          )
Group, SoBell Ridge Corp.,  Performance                    )
Arbitrage Company, Life Funding Options, Inc.,             )
Andrew Gamber, Mark Corbett, Katherine                     )
Snyder, Michelle Plant, Candy Kern-Fuller,                 )
and Upstate Law Group,                                      )
                                                            )
                          Third Party Defendants.          )
                                                            )
_____ )

### AGREED ORDER FOR PERMANENT INJUNCTION AND DISMISSAL
### OF ACTION AS TO CONSENTING DEFENDANTS

The Court, having been advised that the plaintiffs Charlotte McFerren, Billy Lee Green, Augustus Bostick Jr., Mark Adragna, Courtney Koepf, Jason Lyons, Adrian Russo, Chad Wright, and Defendant Latonya Blunt (collectively, the "Claimants"), and Defendants Performance Arbitrage Company, Inc., Life Funding Options, Inc., Mark Corbett, Katharine Snyder, Michelle Plant, Candy Kern-Fuller, and Upstate Law Group, and all principals, members, lawyers, agents, and current employees of each group (collectively, the "Consenting Defendants") on the other hand, have resolved the above-captioned matters (the "Lawsuits") by mutually agreeing that the Consenting Defendants have agreed as follows, finds good cause to enter a permanent injunction against the Consenting Defendants as agreed herein.

## I. BACKGROUND

The Consenting Defendants, together with Defendants BAIC, Inc., VFG, Inc. f/k/a Voyager Financial Group, SoBell Ridge Corp., and Andrew Gamber (the "Defaulting Defendants"), served in various roles in transactions between "Sellers"—military veterans like the Claimants identified above—and third-party "Buyers." In the transactions, Sellers sold portions of their monthly military pension or disability payments to Buyers in exchange for lump-sum payments. To facilitate the transactions, the Sellers agreed to either deposit their military benefit into an account that they did not control, or consent to periodic ACH withdrawals that coincided with the deposit of their military benefits into their own account. While the Parties in these cases dispute whether the transactions described contravene federal law, in compromise, the Parties have agreed to the entry of this Order in order to avoid further litigation of these matters. Accordingly,

**IT IS ORDERED THAT:**

1.   For the purposes of this Order, any and all agreements between any veteran and any Consenting Defendant or any third party under which the veteran purports to sell a future right to an income stream from the veteran's benefits, pension, or compensation as defined in Title 37 and Title 38 of the United States Code ("veterans' benefits"), are referred to as "Veteran Contracts."

2.   For purposes of this Order, "Sellers" means military veterans, like the Claimants identified above, who receive veterans' benefits and who entered into Veteran Contracts.

3.   For purposes of this Order, "Buyers" means individuals, or their heirs, devisees, assignees, or transfer-on-death/payable-on-death beneficiaries, who have

3

purchased income streams arising from Sellers' veterans benefits in exchange for lump-sum payments pursuant to Veteran Contracts.

4. For the purposes of this Order, "persons in privity" means one or more individuals who are not a party to the Lawsuits, but who have a relationship by succession, identity of interests, or otherwise such that their interests have been adequately represented by one or more parties to the Lawsuits and who are therefore bound by this Order.

5. For purposes of this Order and any notice provision herein, "Claimants' Counsel" means the following counsel:

William F. Dolan, Esq.
wdolan@jonesday.com
JONES DAY
77 West Wacker, Suite 3500
Chicago, IL 60601-1692
Telephone: (312) 782-3939

6. Consenting Defendants and all persons in privity with them, whether acting directly or indirectly, agree not to and are hereby permanently enjoined from brokering, offering, and/or arranging any Veteran Contracts, with the limited exception of the activities and conduct contemplated on behalf of Upstate Law Group Defendants in Paragraph 13 of this Order. Otherwise, nothing in this Order shall be read as an exception to the restrictions imposed by this paragraph.

7. Consenting Defendants and all persons in privity with them, whether acting directly or indirectly, agree not to and are hereby permanently enjoined from assisting others in engaging in any conduct proscribed by this Order. This includes, but is not limited to:

A. consulting in any form whatsoever with respect to Veteran Contracts;

B. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the text of any Internet website, email, or other electronic communication with respect to Veteran Contracts;

C. providing names of, or assisting in the generation of, potential customers with respect to Veteran Contracts; and

D. participating in or providing services related to the offering, sale, or servicing of Veteran Contracts, or the collection of payments with respect to Veteran Contracts, except as provided for Upstate Law Group Defendants in Paragraph 13 hereof.

Otherwise, nothing in this Order shall be read as an exception to these restrictions.

8.    Consenting Defendants and all persons in privity with them, whether acting directly or indirectly, are hereby permanently enjoined from attempting to enforce any Veteran Contract (or any rights purportedly arising from such contract) that has been entered into between any veteran and any Defendant, except as provided for Upstate Law Group Defendants in Paragraph 13 hereof. Consenting Defendants agree and are hereby ordered to cease all collection actions against any veteran who is allegedly in default on any such Veteran Contract, and are enjoined from initiating any such action in the event that any veteran defaults on a Veteran Contract in the future. This provision prohibits, but is not limited to, the following conduct: sending demand letters or correspondence to any veteran regarding a Veteran Contract; initiating any collection action premised on or related to any purported Veteran Contract between any Consenting Defendant and any veteran;

or maintaining any now-pending collection action against any veteran for a defaulted Veteran Contract.

9.  Should any Consenting Defendant seek to transfer or assign all or part of its operations that are subject to this Settlement Agreement, that Consenting Defendant must, as a condition of sale, provide a copy of this Order to the transferee or assignee and obtain their written agreement to comply with all applicable provisions of this Order. Nothing in this Order shall be read as an exception to this condition.

10.  Within 30 days of the entry of this Order, Performance Arbitrage Company, Life Funding Options, Inc., Katharine Snyder, and Michelle Plant ("LFO and PAC Defendants") will perform the following actions:

> A. Notify in writing all Buyers of the Buyer's rights to elect to have any Veteran Contract assigned back to the Buyer.
>
> > (i) The LFO and PAC Defendants shall notify all Buyers that they have 60 days from the date of receipt of the notice to make such election, and such election must be in writing.
> >
> > (ii) The notice shall further advise the Buyers that, unless the Buyer makes the foregoing election in writing to assume back the Veteran Contract within that 60 day period, then (a) LFO or PAC Defendants (as applicable) shall dismiss the action with prejudice and (b) such dismissal with prejudice, as a matter of law, will legally bar the Buyer from any further efforts to collect on the Veteran Contract at issue in the suit.
> >
> > (iii) If the LFO and PAC Defendants fail to receive a written election from any Buyer within 60 days of notice of that Buyer's right to elect to

assume back the Veteran Contract, the LFO and PAC Defendants will dismiss, with prejudice, any now-pending collection action implicating, involving, or otherwise affecting that Buyer. Such dismissal shall occur no later than 30 days after the Buyer's 60 day election period has expired.

(iv) If a Buyer elects to have the claim in litigation assigned back to the Buyer, the LFO or PAC Defendants (as applicable) shall withdraw as parties in interest in the suit and the electing Buyer shall be substituted into any such pending action.

(v) The LFO and PAC Defendants shall provide Claimants' Counsel a copy of each motion to dismiss within seven days after it has been filed.

B.  The notice shall further advise the Buyers that the LFO and PAC Defendants entered into an agreed order whereby the Defendants agreed not to engage in collection activities or otherwise seek to enforce any Veteran Contract as part of a resolution of this disputed case.

C.  Claimants' Counsel shall have an opportunity to review the notice to Buyers referenced in this Section 10 and provide reasonable input on the form and content of the notice. LFO and PAC Defendants have final approval over the notice. A failure to object within three business days shall be deemed consent to the notice.

11.  The LFO and PAC Defendants will notify Claimants' counsel of the identities of each Buyer that elects to be substituted into any pending collection action. The LFO and PAC Defendants are enjoined from assigning any Veteran Contract to any third party or entity other than an original Buyer as defined in Paragraph 3 herein.

12.  Candy Kern-Fuller and Upstate Law Group ("Upstate Law Group

Defendants") agree and are hereby ordered to file a motion to withdraw as counsel from all pending collection cases involving Veteran Contracts within 30 days from the date of the filing of this Order. The Upstate Law Group Defendants agree and are further ordered not act as escrow agent for any new Veteran Contracts.

13. The Upstate Law Group Defendants agree and are ordered to wind down all escrow activities for all existing Veteran Contracts as expeditiously as possible. The Upstate Law Group Defendants will provide the undersigned counsel for the Claimants with written status reports listing the current number of escrow cases involving Veteran Contracts every 90 days from the entry of this Order.

14. Within 7 days of the entry of this Order, each Consenting Defendant must provide Claimants' counsel with the following:

A. At least one telephone number and email, and postal address as points of contact, which the other Parties may use to communicate with that Defendant;

B. The identity of all businesses that played any role in the transactions referred to herein as "Veteran Contracts" and/or are otherwise involved in the purchase or sale of Veteran Contracts for which that Defendant is the majority owner, or that that Defendant directly or indirectly controls, by all of their names, telephone numbers, postal, email, and Internet addresses;

C. A description of the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

**IT IS FURTHER AGREED AND ORDERED THAT:**

15. The actions captioned in this Order are dismissed and administratively

closed in its entirety as to the Consenting Defendants, with all parties each bearing their own attorneys' fees and costs except for as otherwise provided by the Parties' settlement agreement.

16. Counterclaims brought by Consenting Defendants against the Claimants are dismissed and administratively closed in their entirety, with all parties each bearing their own attorneys' fees and costs except for as otherwise provided by the Parties' settlement agreement.

17. This Court will retain supplemental jurisdiction to enforce the injunction if or when any party files notice with the Court that enforcement is necessary.

**IT IS SO ORDERED.**

s/ Kevin F. McDonald
United States Magistrate Judge

September 30, 2019
Greenville, South Carolina